In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business and Affairs of the CONSOLIDATED INDEMNITY AND INSURANCE COMPANY.

(GUSSIE ABRAHAM Claim No. PI & PD 3443.)

Supreme Court, Special Term, New York County, December 23, 1936.

*Lester Weil* [*Albert L. Sussman* of counsel], for the Superintendent of Insurance of the State of New York, as liquidator, etc.

*Safis & Kahn* [*Oscar R. Miller* of counsel], for the claimant, Gussie Abraham.

COTILLO, J. This is an application by the Superintendent of Insurance, as liquidator of the Consolidated Indemnity and Insurance Company, to confirm the report of a referee.

The claim was one filed by an owner of an apartment house for damages alleged to have been done by the driver of a taxicab insured by the Consolidated Indemnity and Insurance Company. The claimant proved that the driver of the taxicab received a call from a tenant in the apartment house and in responding to the call agreed to carry the trunk of the prospective passenger; that in carrying the trunk from the passenger's apartment the chauffeur negligently handled it, so that he damaged the marble hall of the premises; that the damages consisted of breaks in the marble steps and scratches on the surface. The referee rejected the claim on the ground that the policy did not cover accidents of this character and that such accidents did not result from the operation, maintenance or use of a motor vehicle. With this I must agree.

It does not follow from the fact that the assured may be liable for the acts of its chauffeur that such liability was insured by the insurance company now in liquidation. The policy covered liability of the insured for damages " resulting from or caused by the operation, maintenance, use or the defective construction of the motor vehicle described in the schedule annexed " thereto. The liability of the assured for the negligent transportation of the trunk in the apartment house of the claimant was clearly not within the coverage of the policy, for the damage to the apartment house was wholly unconnected with the operation, maintenance, use or construction of the taxicab. The motion to confirm the referee's report is accordingly granted.